# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA ANTHONY JAMES BUTLER | : | CIVIL ACTION |
| v. | : | NO. 18-1275 |
| BERKS COUNTY JUDICIAL SYSTEM, *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**  April 3, 2018

Joshua Anthony James Butler, presently incarcerated at the Berks County Jail, *pro se* seeks 31 million dollars arguing the Berks County Judicial System, Berks County Parole & Probation and Berks County Police Department violated his constitutional rights apparently in connection with his 2016 arrest and criminal proceedings in state court. Upon reviewing his financial affidavit, we allow him leave to proceed *in forma pauperis*. But even liberally construing his allegations, he does not presently plead a civil rights claim within our jurisdiction. We must dismiss his Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). We grant him leave to timely file an amended complaint with a short and plain statement of his claim including facts of each defendant's role.

### I. Plead facts

Mr. Butler's *pro se* complaint based on the Court's form §1983 complaint names the "Berks County Judicial System," "Berks County Parole & Probation," and "Berks County Police Department of the Commonwealth of Pennsylvania", He also identifies Judge Thomas G. Parisi; Parole Officer Dena Dietrich; and "Police Department of Berks County." He alleges that his claims occurred on (1) September 14, 2016; (2) November 22, 2016; (3) November 28, 2016; and, (4) January 19, 2017.

Mr. Butler bases his claim on conclusory phrases and sentence fragments rather than pleading facts:

> While locked up in the Berks County Jail institution I was, unlawfully released, after committed to serve a maximum sentence. Conspired against to use malpractice. A victim of an illegal operation. Convicted to serve a sentence according to falsified document. A victim of Double Jeporady [sic]. Targed [sic] as a target of harassment and criminal violence by the penal system.
>
> Judge Thomas G. Parisi; Malpractice. Double Jeporady. [sic]. Tampering w/ Government official documents. Formulating an illegal document. Illegal judgments by a license law official. Conspiracy to convict a defendant on false terms, cruelty and unlawful punishment by a law official. Participations in an illegal operation by a Judge. Parole Officer Dena Dietrich who I am sueing [sic] for the charges of; filing illegal paperwork, aid to release of a felon sentenced under a judgment, breach of contract; conspiracy to reconvict a client on a harder sentence. Neglection [sic] to jobly [sic] duties; overlooking legal documents; cruelty and unlawful punishment.[1]

Mr. Butler adds Judge Parisi neglected his job duties and failed to "authorize proper investigation of illegal actions."[2] Parole Officer Dietrich allegedly participated in an "illegal arrest," assisted with the tampering of documents, and aided "assault and police brutality."[3] He notes "Hold dated on 11/22/16 for a 96 hour hold, active at 0855 AM," but it is not clear what this refers.

Mr. Butler claims a wound to his leg when he was bitten by a police dog. Mr. Butler's claims against the "Berks County Police Department" are based on "harassment of an innocent citizen on the scene of the crime, badgerment [sic], police brutality, participation in an illegal operation [sic], [illegible] attempt to intimidate, neglection [sic] of treatment after [illegible] to an injury."[4] Mr. Butler also suggests unhappiness in pleading guilty to resisting arrest and being dissatisfied with the public defender assigned to represent him.

2

As Mr. Butler used our form complaint for a civil rights case under 42 U.S.C. § 1983, we understand he is pursuing constitutional claims. Mr. Butler seeks 31 Million dollars in damages and an order expunging his file "of all illegal files and falsified documents, or cleared."[5]

## II. Analysis

We grant Mr. Butler leave to proceed *in forma pauperis* as he is incapable of paying the fees to commence this civil action.[6]

Upon granting leave to proceed *in forma pauperis,* we must to dismiss the Complaint if it fails to state a claim.[7] We apply the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6)[8]: whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[9] Conclusory allegations do not suffice.[10] As Mr. Butler is proceeding *pro se*, we liberally construe his allegations.[11] We also require a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[12] We may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."[13] "Pleadings [must] provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue."[14]

### A. Mr. Butler fails to plead a claim.

Mr. Butler relies on conclusory statements to plead his claims. For example, he avers being "conspired against," made to be a "victim of an illegal operation," and harassed, but he does not plead a fact supporting or explaining what happened to him and how each of defendant played a role in this conduct.[15] Although we generally understand Mr. Butler is bringing claims based on his arrests, prosecutions, and convictions, it is not clear which arrests or prosecutions he

3

is challenging, why he is challenging those arrests or prosecutions, or the bases for his claims against each Defendant. Accordingly, the Complaint does not state a claim as pled.

Further, "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"[16] Accordingly, if Mr. Butler is raising claims based on wrongful conviction and imprisonment—which it appears he is trying to do—he may not proceed on his claims unless the challenged convictions have first been reversed or invalidated, including any guilty plea. He may only challenge a state conviction in federal court by filing a petition for a writ of *habeas corpus* after exhausting state remedies.[17]

He has not plead the necessary facts to proceed. We dismiss his complaint with leave to timely amend if he can sue parties not immune for specific conduct within our limited jurisdiction.

### B. We dismiss Mr. Butler's claims against Berks County Judicial System and Berks County Parole & Probation with prejudice.

To sue under § 1983, Mr. Butler must allege a person acting under color of state law deprived him of his constitutional rights.[18] State courts in Pennsylvania are not considered "persons" for purposes of § 1983 and, in any event, are entitled to Eleventh Amendment immunity because they are institutions of the Commonwealth.[19] The same is true for the courts' departments of probation and parole, which are part of the state courts.[20] We must dismiss Mr. Butler's claims against the Berks County Judicial System and Berks County Parole & Probation

4

with prejudice because those Defendants are not subject to suit under § 1983. Mr. Butler may not include them in an amended complaint.

### C. We dismiss Mr. Butler's claims against "Berks County Police Department."

Mr. Butler sues the "Berks County Police of the Commonwealth of Pennsylvania." Berks County does not have a police department. It is a county comprised of several townships with their own police departments. In any event, a police department is not a proper defendant in a § 1983 action because it "lacks an identity separate from the municipality of which it is a part."[21] Mr. Butler's claims against a "Berks County Police Department" are dismissed with prejudice.

But even if Mr. Butler had sued Berks County, he has not plead a claim for municipal liability, which must be based on a policy or custom under § 1983.[22] While we dismiss this claim, we allow Mr. Butler leave to file an amended complaint against Berks County if he can plead a policy or custom leading to Berks County's liability.

### D. We dismiss potential claims against Judge Parisi.

Although not sued in the caption, Mr. Butler challenges Judge Parisi's judicial role in reviewing Mr. Butler's criminal case or cases. He cannot sue a judge for fulfilling his public service, so long as the judge does not act in the complete absence of all jurisdiction.[23] Mr. Butler may not sue Judge Parisi for acts or omissions while presiding over his criminal case or cases. Mr. Butler's amended complaint may not include claims against Judge Parisi.

### E. We dismiss potential claims against Officer Dietrich.

Again, although not named in the caption, Mr. Butler alleges Parole Officer Dietrich had some role in his harm. Mr. Butler failed to state a claim against Parole Officer Dietrich because nothing in the Complaint describes how she violated his rights.[24] As noted above, Mr. Butler

5

relies mostly on conclusory allegations, rather than a description of facts, to state his claims. Mr. Butler does not plead Officer Dietrich did anything giving rise to a plausible claim.

## III. Conclusion

In the accompanying Order, we dismiss Mr. Butler's Complaint for failure to plead a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). As he proceeds *pro se*, we grant Mr. Butler leave to file an amended complaint in the event he can state a plausible claim against an appropriate defendant or defendants.

---

[1] ECF Doc. No. 1-1. at 3.

[2] *Id.* at 10.

[3] *Id.*

[4] *Id.*

[5] *Id.* at 5.

[6] As Mr. Butler is a prisoner, he must pay the filing fee in installments under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

[7] 28 U.S.C. § 1915(e)(2)(B)(ii)

[8] *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[10] *Id.*

[11] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[12] Fed.R.Civ.P. 8

[13] *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted).

[14] *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

[15] ECF Doc. No. 1-1 at 3.

[16] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted).

[17] *See* 28 U.S.C. § 2254; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

[18] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[19] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (states are entitled to Eleventh Amendment immunity from claims under 42 U.S.C. § 1983 and are not "persons" for purposes of that provision); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (state courts in Pennsylvania share in the Commonwealth's Eleventh Amendment immunity).

[20] *See Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 551 F.3d 193, 198 (3d Cir. 2008) ("As an arm of the State, an individual judicial district and its probation and parole department are entitled to Eleventh Amendment immunity.").

[21] *Draper v. Darby Twp. Police Dep't*, 777 F. Supp. 2d 850, 856 (E.D. Pa. 2011).

[22] *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *see also McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (to satisfy the pleading standard for municipal liability under § 1983, a plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was").

[23] *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam).

[24] *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds, Taylor v. Barkes*, 135 S. Ct. 2042 (2015).